[No. B049131. Second Dist., Div. Three. July 31, 1991.]

GEORGE R. HORECZKO, Petitioner and Appellant, v.
STATE BOARD OF REGISTRATION FOR PROFESSIONAL
ENGINEERS AND LAND SURVEYORS, Respondent.

Jones, Mahoney & Brayton, Paul M. Mahoney and Richard A. Soll for Petitioner and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, and Sharon F. Derkum, Deputy Attorney General, for Respondent.

## OPINION

**CROSKEY, J.**—George Horeczko (appellant) appeals from a judgment of the superior court which denied his petition for a writ of administrative mandamus directing the State Board of Registration for Professional Engineers and Land Surveyors (the Board) to approve his application for permission to use the title "geotechnical (soils) engineer." We have examined the statutory scheme under which his application was submitted and we find it does not suffer from the constitutional infirmities which appellant contends are present in that scheme. The judgment is therefore affirmed.

### PROCEDURAL BACKGROUND

According to appellant's petition for administrative mandamus relief, in June 1986 he filed an application with the Board for permission to use the title "geotechnical engineer." Such an application is required by Business

and Professions Code section 6736.1.[1] The application was denied in July 1987 and his appeal from that denial was denied in October 1987.

Appellant then sought a hearing before an administrative law judge and the hearing took place on March 8, 1989. The Board adopted the administrative law judge's proposed decision, making it effective August 13, 1989. That decision states in part:

"It was stipulated that the [appellant] does not hold a valid California registration as a civil engineer, a condition precedent to licensure as a geotechnical engineer under the provisions of Business and Professions Code Section 6736.1, subdivision (a).

". . . . . . . . . . . . . . . . . . . . . . . . . .

"[Appellant] argues that the condition precedent is unconstitutional because it does not bear a rational relationship to any legitimate state purpose and denies applicant equal protection of the law and due process.

"Section 3.5 of Article 3 of the California Constitution prohibits an administrative agency from determining that a statute is unconstitutional. The practical effect of that section in this case is that [appellant's] constitutional arguments in favor of granting him a license cannot be considered in

---

[1]Unless otherwise indicated, all statutory references are to the Business and Professions Code.

Section 6736.1 of that code provides in part:

"(a) On or after July 1, 1984, no person shall use the title, 'soil engineer,' unless he or she is a registered civil engineer in this state and he or she has been found qualified as a soil engineer according to the rules and regulations established for soil engineers by the board [of Registration for Professional Engineers and Land Surveyors]. Any registered civil engineer using the title 'soil engineer' on or before July 1, 1984, may, for a period of two years, continue to use the title 'soil engineer.' On or after July 1, 1986, no person may use the title 'soil engineer,' 'soils engineer,' or 'geotechnical engineer,' unless he or she files an application to use the appropriate title with the board and the board determines the applicant is qualified to use the requested title.

"(b) The board shall establish qualifications and standards to use the title 'soil engineer,' 'soils engineer,' or 'geotechnical engineer.' However, each applicant shall demonstrate a minimum of four years qualifying experience beyond that required for registration as a civil engineer, and shall pass the examination specified by the board.

". . . . . . . . . . . . . . . . . . . . . . . . . .

"(d) For purposes of this section, 'qualifying experience' means proof of responsible charge of soil engineering projects in at least 50 percent of the major areas of soil engineering, as determined by the board."

Previously, section 6736.1 contained the following grandfather clause: "(d) If any registered civil engineer furnishes satisfactory evidence of at least six years qualifying experience in soil engineering, soils engineering, or geotechnical engineering, as determined by the board, the board shall authorize that engineer to use the title 'soil engineer,' 'soils engineer,' or 'geotechnical engineer' without an examination. This subdivision shall continue in effect only until December 31, 1987." That clause was added by Statutes 1985, chapter 992, section 1, pages 3187-3188 and deleted by Statutes 1988, chapter 160, section 2.

ruling on the statement of issues. Therefore, in the absence of any factual showing, there is no basis in the record on which the relief sought may be granted."

In September 1989 appellant filed his petition for administrative mandamus, the Board filed its return to the petition and appellant filed his reply. A hearing on the petition was held February 28, 1990, and on March 12, 1990, the judgment denying the petition was filed. Thereafter, appellant filed a timely appeal from the judgment.

### FACTUAL BACKGROUND

As noted in footnote 1, section 6736.1 originally had a grandfather clause. In June 1986, when he filed his application for authority to use the title "soil engineer," appellant had the choice of the following three types of application: (1) grandfathering consideration only, (2) grandfathering consideration, and if not accepted under that scheme, then consideration for the board's examination, and (3) the examination only. Appellant chose the first option. That same month, he wrote to the Board requesting that it waive the requirement that he have a civil engineering license, because of what he described as over 20 years experience of "practicing 'soil engineering.' " Appellant has a bachelor's degree in civil engineering but is not registered by the state as a civil engineer.

In the "Statement of Issues" which the Board prepared for the administrative law hearing, issue No. 6 states: "Grounds exist to deny [appellant's] application pursuant to Business and Professions Code sections 6763 [dealing with applications for authority to use the title 'soil engineer'] and 6736.1 . . . as follows:

"A. [Appellant] has failed to provide evidence of qualifying experience pursuant to Business and Professions Code section 6736 [sic] . . . in that he does not hold an unexpired, valid California registration as a Civil Engineer. Experience prior to Civil Engineer registration is not acceptable as qualifying experience.

"B. [Appellant] has also failed to provide evidence of qualifying experience as either 'in responsible charge' or 'working knowledge' as required by California Administrative Code section 426.51 in that his experience is primarily as a materials testing engineer, and his engagements 1, 2 and 4 overlap. The dates which overlap apply only once toward total qualifying experience."

At the administrative hearing, the Board moved to amend issue No. 6 by striking subdivision B and, over appellant's objection, it was stricken.

### DISCUSSION

1. *Introduction*

An information bulletin put out by the Board, states in part: "The law recently created the 'soil engineering' title authority which does *not* restrict

the practice of 'soil engineering,' but only restricts the use of the title 'soil engineer' to these [*sic*] so registered by the Board . . . . [¶] The Board's role in title regulation is to identify competence but not to establish practice restrictions. Other public agencies, such as local governments, may establish practice restrictions, if it is deemed to be necessary."

 Appellant argues on appeal that section 6736.1 is unconstitutional "because an unregistered civil engineer can still perform the *duties* of a soil engineer, but only a registered civil engineer can use the *title* 'soil engineer.' " (Italics added.) Appellant argues this is unfair because it disregards the amount of experience as a soils engineer that an unregistered civil engineer might have. As a related point, appellant argues that the striking of issue No. 6, subdivision B removed the issue of his competency from the administrative law hearing and focused that proceeding solely on the fact that he is an unregistered civil engineer. He argues that since he "has all of the qualifying experience establishing his competence as a soil engineer, it is arbitrary and unreasonable to deny him the title solely because he is not a registered civil engineer." Assuming arguendo that he does indeed have all of this qualifying experience, we still find nothing unconstitutional about the statutory scheme developed for granting authority to use the title "soil engineer."

### 2. *The Challenged Scheme*

The Legislature's plan for demonstrated competence to use the title "soil engineer" involves the threshold requirement that the person obtain the status of a registered civil engineer. Then, that person (a) must "demonstrate a minimum of four years qualifying experience beyond that required for registration as a civil engineer" and (b) "pass the examination specified by the board." (§ 6736.1.) Under the alternative grandfather clause, the registered civil engineer must furnish "satisfactory evidence of at least six years qualifying experience in soil engineering." Thus the applicant in either scheme, by being a registered civil engineer, has already demonstrated a certain level of competence. The title "soil engineer" goes to persons with demonstrated competence beyond that.

As discussed below, we can find nothing unconstitutional with this scheme. The fact that someone like appellant may be able to *practice* soil engineering without actually using the title does not make the statute improper. There is an analogous situation in the profession of law, where attorneys can practice, for example, family law and criminal law without actually qualifying to use the title "certified family law specialist" or "certified criminal law specialist." Additionally, as a purely practical matter, a registered civil engineer, while working on gaining the qualifying experience

necessary to obtain the title "soil engineer" would have to *practice* soil engineering in order to gain that experience.

### 3. Tests for Constitutionality

#### a. The General Rule

■ "All presumptions favor the constitutionality of a statute enacted by the Legislature; all doubts are resolved in favor of and not against the validity of the statute. Before an act of a coordinate branch of the government can be declared invalid for the reason that it is in conflict with the Constitution, such conflict must be clear, positive, and unquestionable. [Citation.]" (*Varanelli* v. *Structural Pest Control Board* (1969) 1 Cal.App.3d 217, 220 [81 Cal.Rptr. 492].)

#### b. Due Process Considerations

■ "The current doctrine of judicial review of the reasonableness of regulatory legislation is that judicial examination of a statute under economic due process attack is completed when any fact or facts appear, or may be hypothesized, which the Legislature might rationally have accepted as the basis for a finding of public interest. [Citation.]" (*Varanelli* v. *Structural Pest Control Board, supra*, 1 Cal.App.3d at p. 222.) Quoting from a United States Supreme Court case (*Williamson* v. *Lee Optical* (1955) 348 U.S. 483 [99 L.Ed. 563, 75 S.Ct. 461]) the *Varanelli* court noted at page 222 of its opinion that sometimes, an application of the statute in question may not even be helpful to the public interest sought to be served by the statute but this would not invalidate the law.

■ In the instant case, we find that the challenged statute reasonably relates to a legitimate governmental interest. We can infer a valid purpose for the statutory scheme—protection of the public by legislating competency in specialty areas of engineering. (See the cases discussed in *Varanelli* v. *Structural Pest Control Board, supra*, 1 Cal.App.3d at pp. 220-223.) Thus, appellant's due process challenge fails.

#### c. Equal Protection Questions

Nor do we find a violation of the constitutional guarantee of equal protection. ■ "Equal protection of the law is not denied because a regulatory statute includes some persons, or classes of persons, who might rationally have been excluded. Basically, the establishment of proper classifications resides in the legislative domain, and the judiciary will not intrude unless the classes created for separate treatment represent invidious

discrimination, that is, treatment which has no rational basis in relation to the specific objective of the regulatory legislation. [Citations.]" (*Varanelli* v. *Structural Pest Control Board, supra,* 1 Cal.App.3d at p. 224; and see *Naismith Dental Corp.* v. *Board of Dental Examiners* (1977) 68 Cal.App.3d 253, 259-263 [137 Cal.Rptr. 133].) We note that the alternative "strict scrutiny" test which might sometimes be given to statutes which impact upon employment is not applicable to cases such as the instant one because this case involves a profession "whose technical complexity and intimate relationship to the public interest and welfare counsel greater deference to the legislative judgment." (*D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 18 [112 Cal.Rptr. 786, 520 P.2d 10].) The *D'Amico* court noted that "The conventional 'rational relationship' test is traditionally applied in cases involving occupational licensing . . . ." (*Id.* at p. 17.)

A passage from *Ex Parte Whitley* (1904) 144 Cal. 167, 178 is instructive. *Whitley* dealt with a challenge to a statute which provided that three groups of people would be allowed to practice dentistry in the state after examination by the board of dental examiners—those who were graduates of dental colleges, those who graduated from high school and had a four-year apprenticeship with a licensed practitioner in the state and those who were dentists in other states and had been licensed practitioners for five years. Mr. Whitley contended the groups were arbitrarily created. The court said: "The law, no doubt, is discriminatory, but not in any constitutional sense. It does not discriminate between classes. The discrimination goes to the degree of learning and skill which all applicants for examination must possess. It discriminates between those who have the necessary degree of learning and skill and those who have not; between those who are able and those who are unable to acquire it. It is not an unreasonable or capricious discrimination applying to classes as such, or members of a class, but is based solely upon professional qualifications. It is a discrimination which, in the interest of the public welfare, it is the duty of the legislature to make, and the necessity for which, and its nature and extent—whether an examination and right to practice shall depend on the possession by the applicant of a diploma of a dental college only, or be extended to others, and how far—depend primarily upon the judgment of the legislature, which, when reasonably exercised, the courts cannot control."

So also in the instant case, any discrimination is addressed to competence in the field of civil engineering, competence which has been demonstrated and proven by the obtainment of a civil engineering license. That is, the discrimination is between those who have so demonstrated that competence and obtained their license and those who have not. Just as the Legislature in *Whitley* made a judgment call as to whether graduation from a dental school would be a condition precedent to practicing dentistry, so also

our Legislature used its judgment in determining that a person who wished to use the title "soil engineer" would first have to be a registered civil engineer. Although plaintiff argues that he is competent to practice soil engineering and therefore should not have to be a registered civil engineer, his position is no different from the situation where two people are qualified to practice law but one has not received his attorney's license and so he cannot go on to receive a "certified specialist" title in a particular area of law.

*Blumenthal* v. *Board of Medical Examiners* (1962) 57 Cal.2d 228 [18 Cal.Rptr. 501, 368 P.2d 101] is of no help to appellant. In that case, the court reviewed a licensing statute for dispensing opticians. The statute required a minimum of five years experience in taking facial measurements and filling and adjusting lenses and frames. The experience had to be obtained in the offices of a dispensing optician registered in California, or the person had to be registered in another state for five years.

The *Blumenthal* court held that by so limiting the means by which an applicant could obtain experience, the statute was unconstitutional because the classifications did not bear a reasonable relationship to the legislative objective of protecting the public from incompetent and unethical opticians. The court stated that a person could be qualified to be a dispensing optician by acquiring experience in, for example, an eye physician's office, a university or college, or in the armed services. The court held that under the challenged statute, "one who spends five years as an apprentice in a licensed establishment, or as a licensee of another state, no matter how narrowly limited his actual experience and capacity, *is conclusively presumed to be more qualified* than persons like petitioner, who have had many years of experience in dispensing and related fields *but are given no opportunity to demonstrate their qualifications.*" (*Blumenthal* v. *Board of Medical Examiners, supra,* 57 Cal.2d at p. 235, italics added.)

Therein lies the difference between *Blumenthal* and the case before us. Here, section 6736.1 does not *presume* anything about an applicant's status. By requiring that the applicant be a registered civil engineer, section 6736.1 has *established* the applicant's threshold qualifications. The "opportunity to demonstrate [one's] qualifications" (*Blumenthal* v. *Board of Medical Examiners, supra,* 57 Cal.2d at p. 235) was given to those applicants in their pursuit of registration as a civil engineer (see § 6750 et seq.). Section 6736.1 does not deny appellant the opportunity to demonstrate his skills in an attempt to gain status as a registered civil engineer.

### 4. *Deletion of the Second Part of Issue Number Six at the Administrative Law Hearing*

Appellant argues that besides being unconstitutional on its face, section 6736.1 was unconstitutionally applied to him because he has a sufficient number of years of qualifying experience. He further argues that at the administrative law hearing he was denied the opportunity to show this unconstitutional application because issue No. 6, subdivision B was stricken and his 20 years' experience was then treated as immaterial because he is not a registered civil engineer.

█ This contention is easily answered. Since the status of registration as a civil engineer is a valid threshold requirement, appellant's 20 years' experience *is* irrelevant at this point since he does not meet the requirement. Thus, striking issue No. 6, subdivision B was not prejudicial to appellant.

### 5. *Further Allegations of Discrimination in the Application of Section 6736.1*

Finally, appellant argues that the Board discriminated against him "because even if he took the examination to become a registered civil engineer, he could not apply his twenty . . . years of qualifying experience" to obtain the "soil engineer" title. He bases this contention on the fact that issue No. 6, subdivision A states in part: "Experience prior to Civil Engineer registration is not acceptable as qualifying experience."

This contention need not be addressed here. It involves an interpretation of section 6736.1 by the Board which will not be an issue for appellant unless and until he decides to become a registered civil engineer. We will not give advisory opinions to him now regarding that possibility.

### DISPOSITION

The judgment appealed from is affirmed. Costs on appeal to the Board of Registration for Professional Engineers and Land Surveyors.

Klein, P. J., and Danielson, J., concurred.

A petition for a rehearing was denied August 28, 1991.